IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC W. STRONG,

                     Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　　　OPINION and ORDER

CHRISTOPHER BUESGEN,　　　　　　　　　　　21-cv-296-jdp

                     Respondent.

---

Habeas petitioner Eric Strong, appearing pro se, is a prisoner currently housed in Stanley Correctional Institution. In a previous order, I granted in part and denied in part respondent's motion to dismiss on exhaustion grounds, and I set briefing on the merits of Strong's ineffective assistance of counsel claims. Dkt. 21. Strong now asks me to reconsider my decision that Strong procedurally defaulted on his other claims. Dkt. 22. For the reasons that follow, I will deny his request.

ANALYSIS

I concluded that Strong had exhausted his ineffective assistance of counsel claims and ordered the state to respond to those claims on the merits. Dkt. 21. But I determined that Strong defaulted on his claims related to jury bias, judicial bias, and improper jury instructions because he did not fairly present them to the Wisconsin Supreme Court in his petition for review. *Id.* at 5–6. I also concluded that Strong had not established cause and prejudice for the default or shown that failing to consider the defaulted claims would result in a miscarriage of justice. *Id.* at 7–10.

Strong now asks me to reconsider my decision to dismiss his jury bias, judicial bias, and improper jury instruction claims. Requests for reconsideration of pre-judgment orders are "governed by the doctrine of the law of the case, which authorizes such reconsideration if there is a compelling reason" for it. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006). A court may reconsider its prior decision if it is "convinced that [its prior decision] is clearly erroneous and would work a manifest injustice." *Agostini v. Felton*, 521 U.S. 203, 236 (1997) (internal citations omitted) (alterations in original).

Strong presents two grounds for why I should reconsider my decision. He contends that he (1) fairly presented his jury bias claim in his petition for review to the supreme court; and (2) demonstrated that he had cause for his default.

**A. Jury bias claim**

In his petition for review to the Wisconsin Supreme Court, Strong framed the issues for review as procedural challenges, contending that the court of appeals violated Wisconsin law by failing to hold hearings on disputes of fact between Strong and his attorney. One of the issues that Strong said merited a hearing was his allegation that a juror voted guilty only because she needed to make it to a wedding. Because Strong discussed juror misconduct only as part of his larger procedural argument, the underlying jury bias claim would have been fairly presented only if it was (1) framed so it could stand on its own, were it presented in a different section of the petition or (2) supported by "very substantial analysis" throughout the petition. *See McDowell v. Lemke*, 737 F.3d 476, 482 (7th Cir. 2013) (providing the rule for "nested" claims). I concluded that even given the generous reading afforded to pro se pleadings, Strong did not frame his jury bias claim so it could stand on its own. The focus of his argument was

the court of appeals' procedural error, and his analysis of the underlying juror misconduct was not substantial.

Strong now contends that he fairly presented his jury bias claim because his petition cited federal materials about the Sixth Amendment right to an impartial jury, which would have alerted the court to the constitutional nature of his claim. But as I noted in the opinion, Strong cited only one federal case related to jury bias, *Tanner v. U.S.*, 483 U.S. 107 (1987), and he cited it only for the proposition that a court may hold a hearing on juror misconduct. Strong also cited Federal Rule of Evidence 606, but only to show that a juror may testify on the topic of whether an outside influence was improperly brought to bear on a juror. Because Strong provided those citations only to support his procedural argument, they aren't enough to present a freestanding claim that the juror's misconduct in this case violated Strong's constitutional rights. Strong hasn't shown that my decision on this issue was clearly erroneous, so I will deny Strong's motion on that claim.

**B. Cause for default**

I concluded that Strong had not established cause for his default because he had not shown that any external impediment had prevented him from presenting his grounds for relief to the supreme court. Strong fairly presented all of his constitutional challenges to the court of appeals. Dkt. 24-6. But Strong didn't raise those same grounds in his petition for review in the supreme court; instead, he reframed his arguments to focus on the court of appeals' procedural errors. Strong didn't provide any reason why he didn't present the supreme court with the same claims that he presented in the court of appeals.

Strong contends that I erred by looking to the period of time between the court of appeals decision and when Strong filed his petition for review to determine whether he had

cause for default. Strong says that the external impediment that prevented him from presenting his claims to the supreme court was losing access to his case files during the no-merit proceedings in the court of appeals. Strong's argument is difficult to follow. But I take Strong to argue that if he had his files, he would have prevailed in the no-merit proceedings; had Strong prevailed, he would have been appointed counsel for his appeals; and counsel would have properly exhausted Strong's claims. *See* Dkt. 22, at 3.

This argument fails. Strong's access to his files during the court of appeals proceedings may have been relevant if Strong had defaulted in that court. But Strong properly raised his grounds for relief in his court of appeals brief. Dkt. 24-6. Strong defaulted because he did not raise those same arguments in his petition for review in the supreme court. To establish cause for that default, Strong had to show that he was prevented from presenting his claims in his petition. *See Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004).

Strong has not shown that he was prevented from presenting his claims to the supreme court. At bottom, Strong's argument is that he would not have defaulted if he were represented by counsel. And as I explained in the previous order, a petitioner's pro se status does not establish cause for default. *See Salberg v. United States*, 969 F.2d 379, 383 (7th Cir. 1992) (habeas petitioner's pro se status does not establish cause). To fairly present his claims, Strong merely had to reiterate the same grounds for relief that he had raised to the court of appeals. He did not do so, and he hasn't explained why he was prevented from doing so. Strong hasn't shown that he had cause to default on his claims related to jury bias, judicial bias, and improper jury instructions, so I won't reconsider my decision to dismiss them.

ORDER

IT IS ORDERED that:

1. Petitioner Eric Strong's motion for reconsideration, Dkt. 22, is DENIED.

2. Petitioner's brief in support of his petition is due November 24, 2022. Respondent's brief in opposition is due December 26, 2022. Petitioner's brief in reply is due January 13, 2023.

Entered October 25, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge