IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ERIC W. STRONG,

                              Petitioner,

   v.

CHRISTOPHER BUESGEN,

                              Respondent.

OPINION and ORDER

21-cv-296-jdp

---

      Pro se petitioner Eric Strong seeks a writ of habeas corpus under 28 U.S.C. § 2254. Several matters are before the court, but they can be grouped into two categories. First, the state did not respond to Strong's brief in support of his petition, despite being directed to do so. Second, Strong has filed several motions requesting different forms of relief. He asks the court to (1) order respondent to produce the full transcripts of his state-court trial, Dkt. 30; Dkt. 35; (2) assist him in recruiting counsel, Dkt. 33; and (3) release him pending adjudication of his petition, Dkt. 34. For the reasons that follow, I will give the state a short time to respond to Strong's petition, and I will deny Strong's pending motions without prejudice.

ANALYSIS

A.  **State's brief in response to Strong's petition**

      Strong filed his brief in support of his petition on November 18, 2022. The state has not responded to Strong's brief, despite being directed to do so by December 26, 2022. Dkt. 28. The state has not explained why it did not file a brief. But in a filing from January 31, 2023, responding to one of Strong's other pending motions, respondent states that "[b]riefing

has been stayed pending resolution of Strong's many motions" and that "[r]espondent would like nothing more than to get the briefing schedule back on track." Dkt. 36, at 2.

Briefing on the merits of Strong's petition was stayed pending resolution of Strong's motion for reconsideration. Dkt. 27. But I issued an order denying the reconsideration motion and re-setting briefing on the merits of the petition. Dkt. 28. It appears that respondent is under the mistaken impression that briefing was still stayed.

This is not the first time that respondent has failed to meet a deadline in this proceeding. Respondent previously filed an untimely motion to dismiss on exhaustion grounds because counsel did not realize that there were different deadlines for filing an answer and for filing a motion to dismiss. *See* Dkt. 17. I concluded that the untimely motion was the result of excusable neglect, but I cautioned that "[c]ounsel should have read the order more carefully." Dkt. 21, at 3. It appears that counsel did not take that message to heart.

The court of appeals generally prefers to resolve cases on the merits, rather than on procedural grounds. *See Freeman v. Chandler,* 645 F.3d 863, 868 (7th Cir. 2011) (waiver); *Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 631 (7th Cir. 2009) (default judgment). And a decision on Strong's petition would benefit from full briefing from both parties. So the court will give respondent a short time to file a brief opposing the petition. But I will warn counsel that any future untimely filings may result in sanctions.

B. **Strong's other motions**

1. **Compel respondent to produce trial transcripts and victim interviews**

Strong moves to compel respondent to produce the transcripts from his trial, as well as a set of DVDs of interviews of the victims in his case.

Under Rule 5 of the Rules Governing Section 2254 cases, a respondent's answer must indicate what transcripts are available and "must attach to the answer parts of the transcript that the respondent considers relevant." Once this is done, the court "may order that further portions of the existing transcripts be furnished or that certain portions of the non-transcribed proceedings be transcribed and furnished." Rule 5(c) of the Rules Governing Section 2254 Cases.

Respondent stated in his answer that he did not include transcripts from Strong's trial because the petition could be decided on the record from Strong's no-merit proceedings in the Wisconsin Court of Appeals. Dkt. 24, ¶ 8. Strong contends that Rule 5 requires the respondent to produce full trial transcripts. But although "the review of a state court transcript is occasionally necessary in habeas cases, it is certainly not required and is, in fact, quite rare." *Simental v. Matrisciano*, 363 F.3d 607, 612 (7th Cir. 2004). Rule 5 "makes clear [that] the decision of whether transcripts are necessary is left to the sound discretion of the district court." *Id.* If the material facts relevant to the petition are clear, the district court may be "able to make an informed decision without plowing through the full state transcript." *Id.*

Strong contends that the trial transcripts are necessary because the court of appeals incorrectly stated that a material witness did not want to testify on Strong's behalf. *See* Dkt. 29, at 12. Strong says that he and his attorney disputed whether the witness was willing to testify, and it was inappropriate for the court of appeals to resolve that dispute without a hearing. But Strong doesn't explain why the trial transcripts are relevant to that dispute, which involves events outside of trial. Strong doesn't identify any inaccuracies in the court of appeals' summary of what was actually said at trial. *See United States ex rel. Green v. Greer*, 667 F.2d 585,

587 (7th Cir. 1981) (transcripts unnecessary because petitioner's pleadings "do not contradict . . . the state court factual summary.").

As for the DVDs, Strong states that they contain video recordings of interviews with the victims in which they made statements that are inconsistent with their trial testimony. Rule 6(a) of the Rules Governing Section 2254 Cases allows a habeas petitioner to conduct discovery for good cause. But Strong hasn't shown good cause to order respondent to produce the DVDs because he does not explain what the DVDs add to the existing record. Strong already identified the allegedly inconsistent statements in his opening brief and reproduced the relevant portions of the DVD transcripts. *See* Dkt. 2, at 5–7. Strong doesn't contend that there are other inconsistent statements in the videos that he has not already identified.

Strong hasn't shown that it is necessary to order respondent to produce the DVDs or trial transcripts, so his motion will be denied. If Strong believes that additional evidence is necessary to adjudicate his claim, he may renew his request in his reply brief supporting his petition.

2. **Motion for assistance in recruiting counsel**

Strong asks the court to appoint counsel for him. Dkt. 33. Because a habeas petition is a civil suit, petitioners do not have a constitutional right to counsel. *Rauter v. United States*, 871 F.2d 693, 695 (7th Cir. 1989). But the court may appoint counsel for a petitioner seeking habeas relief if the appointment of counsel would serve the interests of justice and the petitioner is financially eligible. 18 U.S.C. § 3006A(a)(2). When deciding to appoint counsel in habeas cases, a district court considers three factors: (1) whether the petitioner "could obtain justice without an attorney" given the complexity of the case and the petitioner's ability; (2) whether the petitioner "could not obtain a lawyer on his own"; and (3) whether the

petitioner would have "a reasonable chance of winning with a lawyer at his side." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997) (internal quotation marks omitted).

I will deny Strong's request without prejudice, for two reasons. First, it is still too early to tell whether the complexity of this case will exceed Strong's ability to litigate it. Strong states that he would need counsel for any evidentiary hearings in this case. But the court has not scheduled any hearings, so that concern is premature. The next step in the case is to finish briefing Strong's petition, and Strong's submissions show that he is capable of completing that task without the assistance of counsel.

Second, I cannot determine whether Strong has a reasonable chance of success, even with an attorney, without full briefing on the merits of his petition. The court has not had an opportunity to review the state's arguments why the petition should not be issued. Strong may renew his motion after the parties have briefed the merits of his petition, and I will determine whether it is appropriate to appoint counsel with the benefit of a full record.

3. **Renewed motion for release**

Strong has renewed his motion for release pending a ruling on his petition. Dkt. 34. Strong makes only one new argument in support of his release on bail: he states that the respondent is intentionally delaying his habeas proceeding. As I explained in my previous order denying Strong's request for release, the power to release habeas petitioners on bail is to be exercised "very sparingly." *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985). The delay caused by the state's failure to submit its brief in opposition to the petition is unfortunate. But a few missed deadlines are not enough to show that respondent is intentionally delaying adjudication of Strong's petition. Strong has not shown that there are "exceptional

circumstances" that warrant his release, *see Bergmann v. McCaughtry,* 857 F. Supp. 640, 641 (E.D. Wis. 1994), so his request is denied.

ORDER

IT IS ORDERED that:

1. Respondent may have until March 15, 2023, to file his brief in opposition to petitioner's brief in support of his petition. Petitioner's brief in reply is due April 5.

2. Petitioner's motions to supplement the record, Dkt. 30; Dkt. 35, are DENIED.

3. Petitioner's motion for appointment of counsel, Dkt. 33, is DENIED without prejudice.

4. Petitioner's motion for release pending adjudication of his petition, Dkt. 34, is DENIED.

Entered February 22, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge